UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DEREK BRIGGS,<br>TDCJ # 01666858 | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| VS. | § | CIVIL ACTION NO. 3:18-0054 |
| | § | |
| LORIE DAVIS, EXECUTIVE<br>DIRECTOR, *et al*., | §<br>§ | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Derek Briggs, who proceeds *pro se*, is incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He alleges that prison officials at the Darrington Unit violated his rights when they took his property in October 2017. In addition to his complaint (Dkt. 1), Briggs has provided a more definite statement (Dkt. 20) as instructed by the Court.

Because Briggs proceeds *in forma pauperis*, is incarcerated, and seeks redress from state officials or employees, the Prisoner Litigation Reform Act ("PLRA") requires the Court to review the pleadings. The Court must dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B), § 1915A(b). After reviewing all of the pleadings and the applicable law, the Court concludes that Briggs' claims must be **DISMISSED** for the reasons that follow.

## I.    BACKGROUND

On or about October 29-30, 2017, officials at the Darrington Unit took Briggs' property when Briggs was placed on Constant Direct Observation, or suicide watch. Sergeant Rodriguez, a defendant in this action, told Briggs that he could not have "food or appliances" on suicide watch (Dkt. 20, at 1).[1]  Plaintiff therefore gave Rodriguez three bags of his property, which included a fan, a hotpot, a watch, a pair of shoes, books, several articles of clothing, and multiple food items (*id.*).  Officer Lawal, also a defendant in this action, issued Plaintiff a receipt for the inventoried property (*id.*), a copy of which Plaintiff has submitted to the Court (Dkt. 1-1, at 3).

When he was no longer on suicide watch, Briggs showed his property receipt to the Darrington property officer, who told him she had a copy of the same receipt (Dkt. 20, at 1).  However, Briggs' property was never returned to him and he never received replacements or compensation (*id.* at 1-2).  When asked by the Court to explain what happened to his property, Briggs answered that he did not know but assumed that the officers had been careless with his property and that it had been stolen. *See id.* at 2 ("I will assume [] because I was in a cell locked up on suicide watch . . .  [that] a[n] offender that work[ed] that hallway and had some pull with . . . . Lawal or Sgt. Rodriguez came up off my property/food/appliances").

Plaintiff filed an administrative grievance complaining that his property could not be found (Dkt. 1-1, at 1-2 & 5-6).  At step one, Assistant Warden Jerry Sanchez, a

---

[1]      Throughout this Memorandum, the Court's citations to specific pages in the record refer to the pagination of docket entries on the Court's electronic case filing ("ECF") system.

defendant in this action, responded that Plaintiff had no property in the property room and that no further action would be taken (*id.* at 2). Plaintiff appealed to step two, protesting that he had his property receipt, that the property officer had a copy of the same receipt, and that further investigation was necessary. Prison officials denied the appeal, stating that the step one response had been appropriate and that there was "no evidence to support [Plaintiff's] allegations of agency policy violations" (*id.* at 6).

In this lawsuit, Plaintiff alleges that Rodriguez and Lawal violated his right to have his property properly stored and cared for (Dkt. 20, at 2). He alleges that Warden Sanchez failed to properly investigate Plaintiff's grievance regarding the incident (*id.*) and that Lorie Davis, a director of TDCJ, is liable because she is the "top boss" and hired "incompetent employees" (*id.* at 3).

As relief for his claims, Plaintiff seeks return of or compensation for his property (*id.*). Although he originally requested for the Court to "clear his debt" to TDCJ (Dkt. 1, at 4), his more definite statement states that he no longer seeks debt relief (Dkt. 20, at 3). Plaintiff also clarified in his more definite statement that he does not bring a claim for retaliation (*id.*).

## II.   STANDARD OF REVIEW

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), § 1915A(b). A district court may dismiss a complaint as frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir.

2005); *see Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. . . . A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted).

A dismissal under § 1915 for failure to state a claim is governed by the same standard as a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d

614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Geiger*, 404 F.3d at 373.

## III. ANALYSIS

Section 1983, 42 U.S.C. § 1983, provides a vehicle for a claim against a person "acting under color of state law," such as a state prison official, for a constitutional violation. See *Pratt v. Harris Cnty., Tex*., 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002). Plaintiff's claims regarding his property and grievances are governed by the Fourteenth Amendment's guarantee of due process.

### A. Rodriguez and Lawal

Prison officials may impose reasonable restrictions on the type and amount of personal property that inmates may possess while in prison. *See McRae v. Hankins*, 720 F.2d 863, 869 (5th Cir.1983), *abrogated on other grounds*, *Hudson v. Palmer*, 468 U.S. 517, 531–33 (1984). To the extent that Texas prisoners have a right to possess personal belongings, the deprivation of property implicates the Constitution only if such deprivation is accomplished without due process. *See Parratt v. Taylor,* 451 U.S. 527, 537 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986).

Due process requirements for deprivations caused by state officials' authorized conduct are different from those caused by officials' unauthorized conduct. When a deprivation is authorized by an official policy, an inmate must be afforded some combination of notice prior to the deprivation and an opportunity to be heard. *See Zinermon v. Burch,* 494 U.S. 113, 127-28 (1990); *Stotter v. Univ. of Tex. San Antonio*, 508 F.3d 812, 821-22 (5th Cir. 2007). However, when state officials engage in "random and unauthorized conduct" that deprives an inmate of property, due process requires that "a meaningful postdeprivation remedy for the loss" be available. *Hudson*, 468 U.S. at 533.

In this case, Plaintiff alleges that he was deprived of his property because, after Rodriguez and Lawal took the property and issued him a receipt, the property was not available in the property room for him to reclaim (Dkt. 20, at 1-2). He did not see who took his property, but assumes that another inmate took it from the hallway, and claims that the defendants failed to make sure his belongings were properly stored while he was on suicide watch (*id*. at 2). Briggs therefore does not claim that the deprivation was caused by conduct authorized by TDCJ's suicide watch policy, but rather that it was due to officials' unauthorized actions, whether carelessness, negligence, or intentional wrongdoing.[2] In such circumstances, the State is unable to foresee the deprivation of property, and cannot be expected to provide pre-deprivation remedies. *Zinermon*, 494

---

[2] TDCJ policy, as described by Briggs, allowed for his property to be *temporarily* taken and stored while he was on suicide watch, and Briggs received an itemized receipt for his property (Dkt. 1-1, at 3) to facilitate the property's return. Briggs' complaint in this court is that, due to defendants' subsequent unauthorized conduct, the property was not available for him to retrieve from storage.

U.S. at 128-30. Rather, the State can satisfy due process requirements "by making available a tort remedy that could adequately redress the loss." *Id*. *See Parratt*, 451 U.S. at 541 (prison officials' negligent loss of an inmate's property was properly remedied by post-deprivation procedures); *Hudson*, 468 U.S. at 533 (state official's unauthorized and malicious destruction of the inmate's property was properly remedied by post-deprivation procedure).

Texas provides a post-deprivation remedy for inmates whose property has been taken in an unauthorized manner. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex. App.–Corpus Christi 2002, no pet.). State law provides that inmates may recover up to $500 for lost or damaged property. *See* TEX. GOV'T CODE §§ 501.007, 501.008. *See also* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (two-year statute of limitations).

Because Texas provides an adequate post-deprivation remedy for Briggs' loss of property, his claim has no basis in federal law. *See DeMarco v. Davis*, 914 F.3d 383, 387 (5th Cir. 2019). His due process claims against Rodriguez and Lawal therefore will be dismissed.

### B. Sanchez

Plaintiff claims that Warden Sanchez failed to adequately investigate his grievance regarding his property. This claim against Sanchez must fail because a prisoner has no constitutional interest in having grievances resolved to his satisfaction. *Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014); *Geiger*, 404 F.3d at 373-74. Because Plaintiff was able to file grievances and receive a response from prison officials with

written justification for their actions, he has not stated a claim for relief under the Due Process Clause. *Stauffer*, 751 F.3d at 587.

Plaintiff's claim against Sanchez will be dismissed.

**C.     Davis**

Finally, Plaintiff claims that Davis is liable because she is the "top boss" and hired "incompetent employees" (Dkt. 20, at 3). A supervisory official may be held liable under § 1983 "only if (1) [s]he affirmatively participates in the acts that cause the constitutional deprivation, or (2) [s]he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (internal quotation marks and citations omitted). *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006) ("[t]here is no vicarious or *respondeat superior* liability of supervisors under section 1983"). Moreover, a plaintiff seeking to establish "supervisor liability for constitutional violations committed by subordinate employees . . . must show that the supervisor acted, or failed to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates." *Porter*, 659 F.3d at 446 (internal quotation marks, alterations, and citation omitted) (emphasis original).

Briggs has not alleged that Davis was personally involved in the events relevant to his claims. Although the Court's questions asked him to be specific about Davis' personal involvement in the violation of his rights, he stated only that she was the "top boss." This allegation is plainly insufficient under the case authority cited above. To the extent Plaintiff alleges that Davis is liable in her official capacity because TDCJ has a policy of hiring incompetent employees, he fails to allege deliberate indifference, among

other required elements. *See id; Pineda v. City of Houston*, 291 F.3d 325, 331-32 (5th Cir. 2002).

Plaintiff's claim against Davis therefore will be dismissed.

## IV.    CONCLUSION

For the reasons stated above, the Court **ORDERS** that all of Plaintiff's claims under § 1983 are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

The Clerk will provide a copy of this Order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

The Clerk will provide a copy of this order to the plaintiff.

SIGNED at Galveston, Texas, this 31st day of May, 2019.

George C. Hanks Jr.
United States District Judge